570 F.2d 499
 Ernest Lee DOUGLAS, Appellee,
v.
R. M. MUNCY, Individually and as Superintendent, Powhatan
Correctional Center of the Department of Corrections,
Commonwealth of Virginia, and H. G. Spann, Individually and
as Captain and Officer in Charge, West Housing Unit,
Powhatan Correctional Center of the Department of
Corrections, Commonwealth of Virginia, Appellants.
Ernest Lee DOUGLAS, Appellee,
v.
Jack DAVIS, Director, Department of Corrections, Appellant.
Ernest Lee DOUGLAS, Appellant,
v.
Wyatt A. MOOREFIELD, Individually and as Probation and
Parole Officer, Probation and Parole District No. 1,
Commonwealth of Virginia, Pleasant C. Shields, Individually
and as Chairman and Member, Virginia Probation and Parole
Board, Nathaniel W. Perdue, Individually and as Member of
Virginia Probation and Parole Board, W. K. Cunningham, Jr.,
Individually and as Member, Virginia Probation and Parole
Board, Mrs. Margaret B. Davis, Individually and as Member,
Virginia Probation and Parole Board, Morris L. Ridley,
Individually and as Member, Virginia Probation and Parole
Board, Appellees.
 Nos. 77-1471 to 77-1473.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 10, 1977.
Decided Jan. 20, 1978.
 
 Richard D. Obenshain, Richmond, Va. (Obenshain, Hinnant, Dolbeare & Beale, Richmond, Va., on brief), for appellee in 77-1471 and 77-1472 and for appellant in 77-1473.
 Linwood T. Wells, and Guy W. Horsley, Jr., Asst. Attys. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellants in 77-1471 and 77-1472 and for appellees in 77-1473.
 Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.
 FIELD, Senior Circuit Judge:
 
 
 1
 Charging that he had not been accorded due process in the revocation of his parole, Ernest Lee Douglas, a Virginia prisoner, sought habeas corpus relief in the district court. Additionally, pursuant to 42 U.S.C. § 1983, Douglas asked for damages for the denial of his constitutional rights from (1) the defendant Moorefield, his parole officer, who allegedly had arbitrarily enforced the conditions of his parole; (2) the members of the Parole Board who he charged had conducted his revocation hearing in a manner which violated minimum due process requirements; and (3) defendants Muncy and Spann, officers of the Powhatan Correctional Center, who allegedly had denied him medical assistance and deprived him of his right of legal assistance and access to the courts.
 
 
 2
 Following a three-day trial the district judge entered an order granting the petition and relieving Douglas from further confinement based upon any parole violations which had occurred prior to that date. With respect to the § 1983 action, the claims against the members of the Parole Board and Moorefield, the parole officer, were dismissed, the district court finding that these defendants were immune from damages and that, in any event, the claim against Moorefield was not of constitutional significance. With respect to Muncy and Spann, the court denied the medical claim but awarded damages against these two defendants upon the charges that they had deprived Douglas of his constitutional rights to legal assistance and access to the courts. The Commonwealth has appealed from the grant of habeas corpus relief and Muncy and Spann from the judgments entered against them. Douglas has also appealed the order of the district court, contending that the dismissal of his claims against Moorefield and the members of the Parole Board was improper.
 
 
 3
 We find it unnecessary to reach the merits of the habeas corpus issue since, in our opinion, the petition should have been denied for the failure of Douglas to exhaust his available state remedies. The issue of the petitioner's parole revocation had never been presented to the state courts and, concededly, such a remedy was available to Douglas either pursuant to Section 8-596, Code of Va. (1950), as amended, or by petition to the Supreme Court of Virginia pursuant to Rule 5:5, Rules of the Supreme Court of Virginia.[1] Counsel for the state sought dismissal of the petition upon the ground of exhaustion well in advance of the trial but their motions were summarily denied by the district court. When they again pressed the issue at the close of the trial, the court rejected their motion, at that juncture treating it as a fait accompli. Since there was no waiver by the state nor any circumstances which would excuse or dispense with the exhaustion requirement, the court's action was clearly in error and, accordingly, we reverse its judgment and remand with directions to dismiss the petition. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Slayton v. Smith, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971). With respect to the § 1983 claims, the district court was correct in its conclusion that the members of the Parole Board were immune from damages, Pope v. Chew, 521 F.2d 400 (4 Cir. 1975), and Moorefield, in his capacity as a parole officer, was also immune from such liability. See Burkes v. Callion, 433 F.2d 318 (9 Cir. 1970).
 
 
 4
 Coming, finally, to the charges against Muncy and Spann, the district court properly relieved them from any liability on the medical claim for the record shows that these defendants were not guilty of the deliberate indifference necessary to support such a charge. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We are further of the opinion, however, that there was no basis for an award of damages against these defendants on the charge that they deprived Douglas of his right to counsel or access to the courts. The district court did not find that either of these defendants acted with any malice, and the record shows that they merely followed the procedures prescribed for temporary inmates of the Correctional Center. Since the defendants were "acting in a reasonable good faith reliance on what was standard operating procedure in the Virginia prisons, (they) should not have to respond personally for damages." Skinner v. Spellman, 480 F.2d 539, 540 (4 Cir. 1973). See Eslinger v. Thomas, 476 F.2d 225 (4 Cir. 1973).
 
 
 5
 Accordingly, in No. 77-1471, the judgments of the district court against Muncy and Spann are reversed and the case remanded with instructions to enter judgment in favor of the defendants. In No. 77-1472, the judgment of the district court is reversed and the case remanded with instructions to dismiss the petition for habeas corpus. In No. 77-1473, the judgment of the district court is affirmed.
 
 
 6
 No. 77-1471, REVERSED and REMANDED with instructions.
 
 
 7
 No. 77-1472, REVERSED and REMANDED with instructions.
 
 
 8
 No. 77-1473, AFFIRMED.
 
 
 
 [1]
 Douglas had also been charged with a violation of probation and had filed a petition in the state court challenging the validity of that proceeding. The petition was returned to him with the request that he name the correct respondent. Douglas did nothing further and the matter became moot when the state judge subsequently dismissed the probation violation charge