Nathan S. JACOBSON, Lake Enterprises, a Nevada Corporation, and Kings Castle Limited Partnership, a Nevada limited partnership, Plaintiffs,

v.

TAHOE REGIONAL PLANNING AGENCY, a Political Subdivision of the States of Nevada and California, Defendant.

Civ. No. R–2947 BRT.

United States District Court,
D. Nevada.

Aug. 9, 1979.

Simon & Sheridan, Thomas R. Sheridan, Los Angeles, Cal., for plaintiffs.

Kenneth C. Rollston, Owen & Rollston, Zephyr Cove, Nev., for defendant.

ORDER DISMISSING SECOND
AMENDED COMPLAINT

BRUCE R. THOMPSON, District Judge.

This action has been to the United States Court of Appeals for the Ninth Cir-

cuit (*Jacobson v. Tahoe Regional Planning Agency*, 566 F.2d 1353 (9th Cir. 1978)), and to the Supreme Court of the United States (*Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, et al.*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979)). After remand, plaintiffs filed a Second Amended Complaint against Tahoe Regional Planning Agency (TRPA) as the sole defendant. New parties plaintiff were added, but the gravamen of the action remains the same. The essence of the claim is that the TRPA land use ordinance as applied to plaintiffs' property so depreciated the market value of the property that plaintiffs were substantially damaged when the property was sold by the bankruptcy court, and that the damage was proximately caused by the arbitrary, confiscatory and unlawful character of the land use restrictions. The relief sought is damages for inverse condemnation. Declaratory and injunctive relief are unavailable to plaintiffs inasmuch as they owned no interest in the subject property at the time suit was commenced. (See *Jacobson*, supra at 1366.)

The Ninth Circuit expressly agreed with the two district courts in which the several cases involving TRPA authority were pending, and said:

"We find, however, that a cause of action for inverse condemnation under the just compensation clause cannot be stated against the TRPA, its executive director or members of its governing board because they lack condemnation authority."

This concession was followed by the statement: "Appellants do allege facts sufficient to support a claim under the due process clause." *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), was quoted from as precedent for this principle. *Hurtado* was an appeal from the Supreme Court of California and held that the California procedures for prosecuting the crime of murder by information rather than indictment complied with due process and were constitutional. No claim for damages was involved. The Ninth Circuit said:

"The due process clause was intended to protect the liberty and property interests of individuals from invasion by the arbitrary and oppressive exercise of power by the federal government. Since appellants allege such an invasion of their property interests, they have stated a cause of action under the Fifth Amendment."

It is noteworthy that the foregoing statement does not concern itself at all with the kind of relief that the stated cause of action might invoke.

Later the Ninth Circuit opinion discussed the liability of the TRPA to be sued and concluded that as an agency of the states it was clothed with Eleventh Amendment sovereign immunity and could not be sued at all for any form of relief. At the conclusion of the discussion of this subject, the Court did allude to kinds of relief in the following language:

"Thus, plaintiffs in this case can maintain a suit for injunctive and declaratory relief against the officers of the TRPA, an offspring of the states of Nevada and California. Their potential relief must be limited to prospectively enjoining enforcement of the allegedly unconstitutional Land Use Ordinance, and a declaration of their rights with respect to it."

The Supreme Court took the case on certiorari to decide two questions:

"We granted certiorari to decide whether the Tahoe Regional Planning Agency, an entity created by compact between California and Nevada, is entitled to the immunity that the Eleventh Amendment provides to the compacting States themselves. The case also presents the question whether the individual members of the Agency's governing body are entitled to absolute immunity from federal damage claims when acting in a legislative capacity."

*Lake Country Estates v. TRPA*, 440 U.S. 391, 393, 99 S.Ct. 1171, 1173, 59 L.Ed.2d 401 (1979). The Court answered the first question in the negative and also found that the members of the Agency's governing body were absolutely immune from federal

damage liability for injury inflicted while acting in a legislative capacity. The ultimate conclusion on the first question was stated as follows: "Because the Eleventh Amendment prescribes no such rule, we hold that TRPA is subject to 'the judicial power of the United States' within the meaning of that Amendment."

Prefatory to the foregoing conclusion the Court had held, in substance, that the complaint stated a claim for relief under 42 U.S.C. § 1983 and that federal jurisdiction was predicated on 28 U.S.C. § 1343. The Supreme Court failed to mention, even in passing, the ruling that the defendants, having no power of eminent domain, could not be liable for damages for inverse condemnation and did not suggest, even by innuendo, the kind of relief plaintiff Jacobson would be entitled to under 42 U.S.C. § 1983.[1]

The specific issue, as we see it, is whether a cause of action under 42 U.S.C. § 1983 necessarily implies a right to recover money damages in all circumstances. The statute itself (sec. 1983) states only that the person "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ First, we may observe that in many sec. 1983 actions damages have been rejected as an appropriate form of relief. See: *Douglas v. Muncy*, 570 F.2d 499 (4th Cir. 1978); *Grimes v. Miller*, 429 F.Supp. 1350 (D.N.C.), aff'd 434 U.S. 978, 98 S.Ct. 600, 54 L.Ed.2d 473 (1977); *Steel Hill Development, Inc. v. Town of Sanbornton*, 335 F.Supp. 947 (D.N.H.1971), 392 F.Supp. 1144 (D.N.H. 1975). These precedents show that in a variety of situations the remedy of damages

should be denied and that a ruling by the Supreme Court that federal jurisdiction of a claim for relief lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 does not imply that damages is an appropriate remedy. Injunctive and declaratory relief are adequate.

■ The Ninth Circuit has affirmed the concept that an agency or political subdivision which does not have the power of eminent domain cannot be sued for damages for inverse condemnation. It has not defined the kinds of relief available in an action attacking the validity of a zoning ordinance as a deprivation of civil rights under 42 U.S.C. § 1983. We are firmly of the belief that under the circumstances of this case damages is an inappropriate remedy and only injunctive and declaratory relief are available. The reasons for denying the remedy of damages are:

1. The TRPA does not have the power of eminent domain;

2. The TRPA does not have the power under the interstate compact to levy and collect revenue;[2]

3. The landowner should not have an option to sue for damages rather than to attack the validity of a zoning regulation which allegedly has diminished the market value of the property;[3]

4. "Availability of a remedy [of damages] under inverse condemnation would inhibit the exercise of the police power";[4]

5. A damage remedy may frustrate the budgeting of public funds;

6. "Invalidation, rather than forced compensation, would seem to be the more

---

1. Jacobson did not petition for certiorari. This was a consolidated review of many individual cases. The Supreme Court strictly limited the issues before it for decision (see quote, supra). Hence, Jacobson's specific problem, he being the only plaintiff not claiming present ownership of property affected by the Land Use Ordinance, was not before the Court for consideration.

2. Recently the State of California refused appropriation of its annual contribution to the support of the TRPA.

3. In one of the TRPA cases in this Court the plaintiffs did just that: they affirmed the need of regulation for the protection of the Lake Tahoe Basin but sought damages for the alleged diminution of property values.

4. Comment: "Inverse Condemnation: Its Availability In Challenging the Validity of a Zoning Ordinance", Vol. 26 Stanford Law Review 1439, 1450 (1974).

expedient means of remedying legislative excesses";[5]

7. "If a zoning ordinance is enjoined, the legislative body, rather than the court, can then decide whether the social benefits flowing from the plan warrant the exercise of eminent domain and the expenditure of public resources. When the legislature decides that the costs outweigh the benefits, it can either abandon the objective entirely, enact less stringent regulation, or combine regulation with compensation."[6]

Plaintiffs' brief states:

"In *Lake Country Estates, Inc. v. TRPA*, 440 U.S. 391, 99 S.Ct. 1171, (1979) the Supreme Court held that TRPA was not cloaked with sovereign immunity under the Eleventh Amendment. In addition, the Court found that TRPA acts 'under color of state law' such that a suit for monetary damages under the Civil Rights Act, 42 U.S.C. § 1983, would lie against TRPA."

Not so. The Supreme Court said no such thing.

This case may tickle the fancy of a scholar of the technical niceties of federal jurisdiction, but it makes little practical sense to avoid the taking issue and to try to accomplish the same result under the civil rights statutes. If the TRPA Land Use Ordinance is so confiscatory as applied to the property formerly owned by plaintiffs that it violates the admonition of the Fifth Amendment "nor shall private property be taken for public use, without just compensation" and yet only injunctive and declaratory relief are available, why a recovery of damages should be permitted for an alleged violation of due process of law is beyond the ken of this Court. The Ninth Circuit implied as much in *Jacobson* (supra p. 1360) when it limited relief against the individual defendants to declaratory and injunctive relief.

In consideration of the premises,

*IT HEREBY IS ORDERED* that the action entitled above be, and it hereby is, dismissed.

5. Id. at 1451.