John W. VICORY, Plaintiff-Appellee,

v.

Robert R. WALTON, Sheriff, et al., Defendants-Appellants.

No. 82–3828.

United States Court of Appeals, Sixth Circuit.

March 28, 1984.

Before MERRITT and KENNEDY, Circuit Judges and BERTELSMAN,* District Judge.

## ORDER DENYING PETITION FOR REHEARING EN BANC

In this case in which the District Court awarded $850 as damages for the lost rental value of a trailer seized for evidentiary purposes following a homicide, the plaintiff has moved for a rehearing en banc of 721 F.2d 1062 on the grounds that we mischaracterized his section 1983 claim as relating only to procedural due process rather than, as he now alleges, the prohibition contained in the fifth amendment against takings without just compensation. We note that plaintiff did not make this contention with

\* The Honorable William O. Bertelsman, Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

any clarity or precision in his initial presentation of the case to this court. Notwithstanding this failure, we have fully considered the argument contained in plaintiff's en banc papers and are constrained to deny plaintiff's petition for rehearing en banc.

The "taking" clause of the fifth amendment has commonly been viewed as a limitation on government. Here the plaintiff has sued not the government but two individuals for damages in connection with the detention of property. It has not sued the state or a state agency for a taking "for public use." [1] Unlike a trespass or other property tort which may be committed by either an individual under or not under color of law or by a governmental entity, a "taking without just compensation" in violation of the fifth amendment is an act or wrong committed by a government body—a taking "for public use." See 2 P. NICHOLS, EMINENT DOMAIN § 6.21, at 6–44 (entity sued must have some authority, apparent or real, to exercise the power of eminent domain in order to commit taking). Plaintiff may not maintain a constitutional cause of action against these defendants who neither have nor claim the eminent domain power, nor any power similar to it. The wrongful "taking," detention or theft by an individual of the property of another is not a constitutional "taking" as that term has been defined by the fifth amendment and commonly understood by the courts. See Jacobson v. Tahoe Regional Planning Agency, 474 F.Supp. 901 (D.Nev.1979) on remand from the Supreme Court. The case holds that since defendant regional planning agency had no power of eminent domain, it could not be held liable for damages for a taking. The decision was affirmed at 661 F.2d 940 (9th Cir.1981) (mem.). Plaintiff cites no case, and we can find none, that suggests that an individual may commit, and be liable in damages for, a "taking" under the fifth amendment.

1. The relevant clause of the amendment states: "Nor shall private property be taken for *public use,* without just compensation." (Emphasis added.)

For these reasons, and because a majority of the court has not voted in favor of consideration of the case en banc, the plaintiff's motion for a rehearing en banc is denied. Judge Bertelsman dissents from this order and would grant the petition.