**Norman Quincy WRIGHT, Plaintiff,**

v.

**Jerry McCLAIN, et al., Defendants.**

**Civ. No. 85–1157.**

United States District Court, W.D. Tennessee, E.D.

Jan. 17, 1986.

Norman Quincy Wright, pro se.

Robert A. Grunow, Associate Chief Deputy, Atty. Gen., and Jane W. Young, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## ORDER OF DISMISSAL

TODD, District Judge.

Before the Court is Defendants' motion to dismiss this action for failure to state a claim upon which relief may be granted. For the reasons set forth herein, Defendants' motion is, GRANTED.

Plaintiff brought this 42 U.S.C. § 1983 action against numerous officials of the State of Tennessee, alleging due process violations in his parole revocation hearing. In an order entered July 19, 1985, this Court dismissed Defendants Jerry McClain, Director of Paroles for the State of Tennessee, and Pat McCullough, Western Regional Director of the Board of Paroles, from this action, finding that Plaintiff had not alleged any direct participation by them in the events involved in the complaint.

Plaintiff alleges that Defendants Robin Rockett, a hearing officer with the Tennessee Board of Paroles, and Stephen Betts, a parole officer with the Board, violated his rights under the due process clause of the Fourteenth Amendment by allowing hearsay evidence to be admitted into his parole revocation preliminary hearing, by denying him the right to cross-examine adverse witnesses, and by failing to give him a written statement as to the evidence relied upon by the State at his parole revocation hearing.

Defendants assert that Plaintiff's damage claims arising from conduct at his preliminary parole revocation hearing are

barred due to absolute "quasi-judicial" immunity.

 Under the rationale of *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the determination of whether an official is to be afforded absolute "quasi-judicial" immunity for his official acts is accomplished through a functional analysis, i.e., a comparison of the functions the official performs with typical judicial functions. *Id.* at 512–517, 98 S.Ct. at 2913–2916. Defendants now ask this Court to find that parole officials conducting preliminary revocation hearings are sufficiently analagous to judicial officers to warrant absolute immunity from Section 1983 liability.

Although this Circuit has apparently never considered the question, several other courts have held that the analogy is fitting. *See, e.g., Trotter v. Klincar*, 748 F.2d 1177 (7th Cir.1984); *Evans v. Dillahunty*, 711 F.2d 828 (8th Cir.1983); *Douglas v. Muncy*, 570 F.2d 499 (4th Cir.1978); *Johnson v. Wells*, 566 F.2d 1016 (5th Cir.1978). These courts have found that parole board officials perform tasks functionally comparable to judges when they determine whether to grant, deny or *revoke* parole, and that a parole board is entitled to absolute immunity for activities related to the "execution of parole revocation procedures." *Anderson v. Boyd*, 714 F.2d 906, 909–910 (9th Cir. 1983).

 Consistent with this authority, this Court now holds that the evidentiary decisions complained of in this action fall squarely within the scope of parole board officials' absolute "quasi-judicial" immunity. The fact that these decisions were made during a preliminary hearing to determine if probable cause for revocation of parole existed is of no consequence, because the tasks performed by the hearing officials are still "quasi-judicial" in nature. Although there may be a distinction between the adjudicatory and ministerial functions of parole board officials, decisions regarding evidence at a preliminary revocation hearing are certainly adjudicatory in nature.

Therefore, Defendants are entitled to absolute immunity from Section 1983 liability for the actions complained of in this action. Plaintiff therefore fails to state a claim upon which relief may be granted. This action is, accordingly, DISMISSED.

IT IS SO ORDERED.