**Ronald K. CONNER, Plaintiff,**

v.

**Benjamin ALSTON, Judge Thaddeus Owens, Justice of the Supreme Court of New York, Kings County, Paul Hoffman, and Division of Parole of the State of New York, Defendants.**

**No. 87 C 2947.**

United States District Court,
E.D. New York.

Nov. 23, 1988.

Ronald K. Conner, Elmira, N.Y., plaintiff pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City (Tyrone M. Powell, Asst. Atty. Gen., of counsel), for defendants.

### MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action *pro se* under 42 U.S.C. § 1983 (1982), alleging violations of the state regulations governing his parole. Defendants move under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Defendants also move under 28 U.S.C. § 1915(d) (1982) to dismiss the complaint as frivolous.

At the time of the alleged civil rights violations, plaintiff was on parole from a state court conviction. While on parole, he was arrested and charged with second-degree robbery. Approximately a week after

his arrest, he informed his parole officer of the robbery charge. The officer, defendant Benjamin Alston, allegedly told him at that time that revocation proceedings would not be brought against him until the robbery charge was resolved in court.

About 78 days after plaintiff's arrest, the New York State Board of Parole issued a violation of parole warrant against plaintiff and imprisoned him at the Brooklyn House of Detention. (The court infers from plaintiff's imprisonment upon issuance of the warrant that he was out on bail on the robbery charge at that time.)

Plaintiff filed a writ of habeas corpus in the Supreme Court of the State of New York, Kings County, alleging that the warrant should be vacated because it was issued more than 30 days after plaintiff's parole officer learned of the arrest, a violation of the Policy and Procedures Manual of the Division of Parole. About June 22, 1987, plaintiff received a letter from his attorney at the Legal Aid Society, Roger Brazill, informing him that his writ had been denied. Plaintiff then brought the instant action.

Unfortunately, Mr. Brazill's information proved to be in error. On August 13, 1987, Judge Thaddeus E. Owens granted plaintiff's writ and ordered that he be released unless detained for other just cause. By that time, however, plaintiff had been convicted of the robbery charge. He now seeks to obtain damages for the time during which he was detained illegally under the warrant.

■ Plaintiff's claim against Judge Owens appears to be based on his original understanding that the judge had denied his writ. Given that Judge Owens actually granted the writ, plaintiff clearly states no claim against him. Even if Judge Owens had improperly denied the writ, however, the doctrine of judicial immunity would exempt him from liability for damages under 42 U.S.C. § 1983. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978).

■ Plaintiff's claim against the New York State Division of Parole seeks to impose liability that must be paid from public funds in the state treasury. New York State has not consented to such suit. The claim is therefore barred by the Eleventh Amendment. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663, 673, 94 S.Ct. 1347, 1355, 1360, 39 L.Ed.2d 662 (1974).

■ Plaintiff's claim against Alston and Alston's supervisor, Paul Hoffman, presents a more difficult question. As state officials, those defendants are entitled to at least qualified immunity from civil rights damage actions. *See, e.g., Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Neither the Supreme Court nor the Second Circuit has yet determined, however, whether parole officers are "quasi-judicial officers" entitled to absolute immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200–01, 106 S.Ct. 496, 500–01, 88 L.Ed.2d 507 (1985); *Martinez v. California*, 444 U.S. 277, 284, 285 n. 11, 100 S.Ct. 553, 558, 559 n. 11, 62 L.Ed.2d 481 (1980).

Several other federal appellate courts have held that parole officers are absolutely immune from damage claims under 42 U.S.C. § 1983, at least when performing adjudicative rather than administrative functions. *See, e.g., Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 973–75 (5th Cir.1988); *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 6–8 (1st Cir. 1987); *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir.1986); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir.1985); *Walker v. Prisoner Review Bd.*, 769 F.2d 396, 398 (7th Cir. 1985), *cert. denied*, 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 791 (1986); *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir.1985); *Douglas v. Muncy*, 570 F.2d 499, 501 (4th Cir.1978). The rationale for these decisions is that state parole officers perform quasi-judicial functions in aid of the judicial process and therefore enjoy the same immunity as judges.

In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Supreme Court first articulated six non-exclusive factors that characterize the judicial process and should be considered when de-

termining whether a state official is entitled to absolute immunity:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Cleavinger, supra,* 474 U.S. at 202, 106 S.Ct. at 501; *see Butz, supra,* 438 U.S. at 512, 98 S.Ct. at 2913.

An initial difficulty in applying these factors to Alston's and Hoffman's role in this case is that it is difficult to discern from the complaint what actions they are alleged to have taken in violation of plaintiff's civil rights. The complaint reads: "Mr. Alston violated the Division's Regulations and also lied about the situation and on me.—Mr. Hoffman knowing all of this allowed him to do so when he was his supervisor." Construing the *pro se* complaint liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), the court concludes that plaintiff means not simply to accuse those defendants of lying about when a parole warrant would issue, but also of having influenced the Division of Parole to issue the warrant after the 30–day period allowed under New York law.

Applying the *Butz* factors to this claim, the court concludes that the actions of which plaintiff complains were judicial in nature and entitled to absolute immunity:

(a) State parole officers must be able to issue or recommend issuance of parole warrants without fear of harassment or intimidation. Like judges, parole officers are charged with making difficult factual determinations, in accordance with the law as they understand it, in specific cases, weighing the liberty interest of the parolee against the public's need for protection. They must be able to perform that function without fear of personal liability should their judgment prove fallible.

(b) The state court's correction of Alston's mistake illustrates the presence of sufficient safeguards against unconstitutional conduct. The violation complained of here—tardy issuance of a parole warrant—is easy for either a superior parole officer or the state court to discover and rectify.

(c) The court is not aware of any danger of political influence on a parole officer's decision or recommendation to issue a parole warrant at a particular time. In this case, Alston's motive in delaying issuance appears to have been to give plaintiff an opportunity to disprove the charge in the pending indictment before revocation of his parole, rather than any political or other motive to deprive him of his constitutional or statutory rights.

(d) Precedent probably does not play a significant role in the decision to issue a parole warrant.

(e) The process is, however, adversary. Under *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the parolee must receive a due process hearing before his parole can be revoked, at which time he may challenge the validity of the warrant. Plaintiff apparently received at least two hearings in this case.

(f) The decision of Judge Owens to vacate the illegally issued warrant again illustrates the correctability of error in the issuance of a parole warrant through the state writ of habeas corpus.

*See also Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981) (describing similarity of judge's and parole officer's functions).

Since all defendants in this action are entitled to immunity, defendants' motion to dismiss is granted.

The court does not reach the issue of the complaint's frivolity under 28 U.S.C. § 1915(d) (1982).

So ordered.