**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HINKLE FAMILY FUN CENTER, LLC;
BRYAN HINKLE; DOUGLAS HINKLE;
ALBUQUERQUE URBAN AIR, LLC;
THOMAS GARCIA; BRIAN GARCIA;
JUSTIN HAYS,

    Plaintiffs - Appellants,

and

CLIFF'S AMUSEMENT PARK,

    Plaintiff,

v.

MICHELLE LUJAN GRISHAM,
individually, acting under the color of law;
KATHYLEEN M. KUNKEL, individually,
acting under the color of law,

    Defendants - Appellees.

No. 22-2028
(D.C. No. 1:20-CV-01025-MV-LF)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Beginning in March 2020, New Mexico Governor Michelle Lujan Grisham and Kathyleen Kunkel, then-Secretary of the New Mexico Department of Health (collectively, Defendants), issued a series of executive orders and public health orders (the Orders) in response to the Covid-19 pandemic. Three recreational businesses and their owners (Plaintiffs) sued Defendants in their individual capacities under 42 U.S.C. § 1983, seeking to enjoin what they considered unconstitutional restrictions imposed by the Orders. The claims for injunctive relief were mooted when the restrictions were lifted. Plaintiffs then sought to amend their complaint to add a new theory of liability (a takings claim) and to seek damages from Defendants. The district court denied leave to amend, ruling that the proposed amendment would be futile because Defendants would not be liable on the new claims. That ruling is before us on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Amending the complaint would have been futile because Defendants were protected against liability by qualified immunity.

## I.    BACKGROUND

On March 11, 2020, as part of New Mexico's response to Covid-19, Governor Lujan Grisham issued Executive Order 2020–004, proclaiming a statewide Public Health Emergency in accord with N.M. Stat. Ann. § 12-10A-5 and invoking her powers under the All Hazard Emergency Management Act, N.M. Stat. Ann. § 12-10-1 to -10. On March 23, 2020, Secretary Kunkel issued a Public Health Order (the March 23 order) authorized by Executive Order 2020–004. It required that "[a]ll businesses, except those entities identified as 'essential businesses[,]' . . . reduce the in-person workforce at each

2

business or business location by 100%"—that is, it required nonessential businesses to close immediately. Aplt. App. at 122. Hinkle Family Fun Center, LLC (Hinkle), Albuquerque Urban Air, LLC, and Cliff's Amusement Park (Cliff's) (collectively, the Businesses)—which offer multiple recreational activities, such as miniature golf, rides, climbing, paintball, trampolines, go-karts, carnival games, and video games—did not fit the March 23 order's definition of essential businesses; they complied with the order and closed by March 24, 2020.

On June 1, 2020, Secretary Kunkel amended the March 23 order to allow some nonessential businesses to open at 25% capacity. But the order stipulated that recreational facilities throughout the state "must remain closed." *Id.* at 130. The order defined recreational facilities to include "indoor movie theaters, museums, bowling alleys, miniature golf, arcades, amusement parks, concert venues, event venues, performance venues, go-kart courses, adult entertainment venues, and other places of indoor recreation or indoor entertainment." *Id.* A month later, on July 1, Governor Lujan Grisham issued an executive order requiring that all interstate travelers to New Mexico quarantine for two weeks following their arrival.

The original complaint in this action was filed on October 7, 2020, in the United States District Court for the District of New Mexico by Hinkle and its owners, Douglas and Bryan Hinkle. The next day an amended complaint added Albuquerque Urban Air and its owners, Thomas and Brian Garcia, as plaintiffs. And on October 27, 2020, a second amended complaint was filed, adding Justin Hays, the owner of Cliff's, as a

3

plaintiff.[1] The second amended complaint claimed that the March 23 order—as well as amendments to it that prolonged business closures—and the July 1 travel restriction violated rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiffs sought a temporary restraining order and a preliminary or permanent injunction halting the Orders, thus allowing them to resume operations; they also sought a declaratory judgment that the Orders were unconstitutional.

Although the State allowed the Businesses to open at limited capacity on November 30, Plaintiffs claim that the Businesses remained hampered by the capacity limits and also by the traveler-quarantine order of July 1, 2020. The quarantine requirement, say Plaintiffs, "effectively halted" tourism in New Mexico, reducing their customer base. Aplt. Br. at 5. The travel restriction remained in effect until February 2021. On July 1, 2021, the State permitted recreational businesses to resume normal operations.

In the meantime, on November 5, 2020, Defendants had moved to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. On September 17, 2021, noting that the government had lifted each of the orders challenged by Plaintiffs, the district court sua sponte asked the parties to submit briefs on whether the claims in the second amended complaint were moot. In partial response, Plaintiffs asked the court for leave to amend

---

[1] The status of Cliff's itself as a plaintiff was unclear. It did not appear in the captions of the second amended complaint or the proposed third amended complaint, although it was listed as a plaintiff within each pleading. In any event, it is not listed as an appellant in the notice of appeal.

their complaint a third time. They wished to add two claims: (1) a claim for damages and (2) a takings claim under *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021).

The district court denied the motion to amend as futile because each of the added claims would be subject to dismissal. *See Hinkle Fam. Fun Ctr., LLC v. Grisham*, 586 F Supp. 3d 1118, 1122 (D.N.M. 2022). It held that the claim for damages was futile because Defendants would be immune from suit under the doctrine of qualified immunity. *Id.* at 1127–29. And it held that the takings claim was futile (1) because Plaintiffs sued Defendants in their individual capacities and a takings claim cannot be brought against a state official sued in her individual capacity, and (2) because the Orders did not effect a *per se*, or physical, taking under *Cedar Point* or a regulatory taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). *See id.* at 1130–32. The court also dismissed the second amended complaint as moot because the disputed orders were no longer in effect. *See id.* at 1133–38. This appeal does not challenge the dismissal of the second amended complaint but only the court's denial of leave to amend their complaint a third time.

## II.     DISCUSSION

We review for abuse of discretion a denial of leave to amend a complaint. *See SCO Group, Inc. v. Intl. Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks

omitted). We conclude that the district court did not abuse its discretion in denying the amendment because Plaintiffs' two new claims would indeed be subject to dismissal.

### A. Qualified Immunity

A government official may be sued in an official or individual, sometimes termed personal, capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165 & n.10 (1985). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165 (citation and internal quotation marks omitted). "[W]hile an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* at 166.

If sued for damages in an individual capacity, an official can assert the defense of qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "The central purpose of affording public officials qualified immunity from suit is to protect them from undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (internal quotation marks omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (qualified immunity advances the "public interest in encouraging the vigorous exercise of official authority" (internal quotation marks omitted)). "A § 1983 defendant's assertion of qualified immunity is an affirmative defense that creates a presumption

6

that the defendant is immune from suit. To overcome this presumption, the plaintiff must show (1) the defendant's actions violated a constitutional or statutory right, and (2) that right was clearly established at the time of the defendant's complained-of conduct." *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (brackets, citation, and internal quotation marks omitted).

"A right is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Id.* (internal quotation marks omitted). We do not require that the facts of a prior case be "exactly parallel" to the disputed conduct, but "the contours of the right must be sufficiently clear so that a reasonable official would understand that what he is doing violates that right." *Id.* (brackets and internal quotation marks omitted). The Supreme Court has "repeatedly told lower courts not to define clearly established law at a high level of generality" because doing so "avoids the crucial question of whether the official acted reasonably in the *particular* circumstances that he or she faced." *Cummings v. Dean*, 913 F.3d 1227, 1239–40 (10th Cir. 2019) (brackets and internal quotation marks omitted). A plaintiff must demonstrate "a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Id.* at 1240 (internal quotation marks omitted).

### B. Application to This Case

The proposed third amended complaint is brought against Defendants "Individually, Acting Under the Color of Law." Aplt. App. at 450. We cannot read it

as other than a complaint against Defendants in their individual capacities. In response to the request for leave to amend, Defendants asserted qualified immunity as an affirmative defense, arguing that the "proposed claims for compensatory and punitive damages against Defendants in their individual capacities are barred by qualified immunity." *Id.* at 478.

We agree with Defendants that they are entitled to qualified immunity on the damages claim. When the Orders that Plaintiffs challenge issued and were in effect, there was no clearly established law forbidding those orders as unconstitutional. To be sure, Plaintiffs have cited authority supporting a constitutional right to engage in one's chosen profession. But none of the cited cases arose in the context of a public-health emergency, and none of them purported to set limits on what governments can constitutionally impose on businesses when governments perceive the need for restrictions to contain a contagion. Relying on them would define the right at too high a level of generality. This is not to say that businesses have no constitutional rights in that circumstance. It is not even to say that the restrictions imposed on Plaintiffs were constitutional. All we are saying is that in the absence of clearly established law forbidding the Orders, Defendants cannot be subjected to liability for damages even if, on later examination, we might conclude that the Orders did not pass constitutional muster.

Although Defendants have clearly argued in their briefs in district court and this court that they are entitled to qualified immunity with respect to claims against them for damages, it is not clear that they were raising a qualified-immunity defense

with respect to personal liability for damages on the takings claim in the proposed

third amended complaint. Nevertheless, "our general rule [is] that we may affirm on

an unpreserved ground if doing so is fair to appellant." *United States v. Iverson*,

818 F.3d 1015, 1022 (10th Cir. 2016).[2]  Here, it is fair to affirm the district court's

decision that it would be futile to amend the complaint to add a takings claim on the

---

[2]As noted above, one of the grounds relied on by the district court for rejecting the takings claim was that such a claim cannot be brought against government officials in their individual capacities. Although we adopt what we believe to be an easier path to resolving the issue, there is substantial support for the district court's approach. We are not aware of any circuit court that has explicitly held that a takings action can be brought against a state official in an individual capacity. Some circuits and judges have rejected or expressed doubt about such claims. *See Langdon v. Swain*, 29 F. App'x 171, 172 (4th Cir. 2002) ("takings actions sound against governmental entities rather than individual state employees in their individual capacities"); *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984) (denying petition for rehearing to address takings claim against government officials in their individual capacities and noting the absence of authority "that suggests that an individual may commit, and be liable in damages for, a 'taking' under the fifth amendment"); *Asociacion De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 37 (1st Cir. 2007) (Howard, J., concurring in judgment) ("I am not entirely convinced that federal takings claims may ever properly lie against state officials acting in their individual capacities"). Others have indicated (at least implicitly) that such claims might proceed but have denied relief, usually because of a qualified-immunity defense. *See Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1373–74 (8th Cir. 2022) (reaching "appellants' claim for damages against Governor Walz in his individual capacity" on a takings theory but concluding that the claim that public-health business closures constituted a taking was barred by qualified immunity); *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 335 (6th Cir. 2022) (qualified immunity barred a takings claim against officials in their individual capacities); *Asociacion De Subscripción*, 484 F.3d at 36 (granting qualified immunity); *Spencer v. Benison*, 5 F.4th 1222, 1234 (11th Cir. 2021) (granting summary judgment on an individual-capacity takings claim because plaintiff failed to establish a causal link between property encroachment and official's order); *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186, 1189 n.2 (11th Cir. 2004) (leaving "open the question of whether the plaintiffs would be able to make out Fifth Amendment Takings Clause . . . claims against the individual governmental defendants," but no such individuals were sued).

ground that Defendants would be protected from that claim by qualified immunity. They are entitled to qualified immunity because during the time the Orders were imposed there was no clearly established law stating that restrictions like those imposed on the Businesses by the Orders constituted a taking within the meaning of the Constitution. Plaintiffs had every opportunity and incentive to present the court with such authority because of its relevance to the merits of their takings claim. Yet they have cited no case that recognized a takings claim when businesses were closed, in whole or in part, by a government order purportedly justified by the need to protect public health from a communicable disease. Nor are we aware of any such authority—certainly none from the Supreme Court or this court.

## III.    CONCLUSION

Plaintiffs undoubtedly suffered as a result of the Orders issued by Governor Lujan Grisham and Secretary Kunkel. But the district court did not abuse its discretion in denying them leave to amend their complaint a third time. We **AFFIRM** the decision of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

10